IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Julio M. Garcia <br>                   Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation <br>                   Movant <br> vs. | NO. 19-13610 MDC |
| Julio M. Garcia <br>                   Debtor | |
| Maritza F. Garcia <br>                   Co-Debtor | 11 U.S.C. Section 362 and 1301 (e) |
| William C. Miller Esq. <br>                   Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the vehicle held by the Movant on the Debtor's residence is **$1,619.76**, which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | June 24, 2019 to September 24, 2019 at $404.94/month |
| **Total Post-Petition Arrears** | **$1,619.76** |

2. The Debtor(s) shall cure said arrearages in the following manner;

    a). Beginning on October 24, 2019 and continuing through March 24, 2019, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$404.94** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fourth (24th) day of each month, plus an installment payment of **$269.96** towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. BOX 5855
CAROL STREAM, IL 60197-5855

    b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   October 15, 2019

Date: 11/8/19

Date: 11/25/19

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Paul H. Young, Esquire
Attorney for Debtors

**NO OBJECTION**

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 4th day of December, 2019. However, the court retains discretion regarding entry of any further order.

Chief U.S. Bankruptcy Judge
Magdeline D. Coleman