United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Julio M. Garcia
    Debtor

Case No. 19-13610-mdc
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0313-2      User: JEGilmore      Page 1 of 1      Date Rcvd: Dec 30, 2019
                           Form ID: pdf900      Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jan 01, 2020.
db      +Julio M. Garcia,    908 Sanger Street,    Philadelphia, PA 19124-1034

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg      E-mail/Text: megan.harper@phila.gov Dec 31 2019 02:34:39    City of Philadelphia,
     City of Philadelphia Law Dept.,    Tax Unit/Bankruptcy Dept,    1515 Arch Street 15th Floor,
     Philadelphia, PA 19102-1595
smg      E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 31 2019 02:34:19
     Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
     Harrisburg, PA 17128-0946
smg      +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Dec 31 2019 02:34:37    U.S. Attorney Office,
     c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
                                                                                                   TOTAL: 3

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 01, 2020                                                            Signature:    /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 30, 2019 at the address(es) listed below:
     KEVIN G. MCDONALD    on behalf of Creditor    Toyota Motor Credit Corporation
      bkgroup@kmllawgroup.com
     KEVIN G. MCDONALD    on behalf of Creditor    PENNSYLVANIA HOUSING FINANCE AGENCY
      bkgroup@kmllawgroup.com
     PAUL H. YOUNG    on behalf of Debtor Julio M. Garcia support@ymalaw.com, ykaecf@gmail.com,
      paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com
     REBECCA ANN SOLARZ    on behalf of Creditor    PENNSYLVANIA HOUSING FINANCE AGENCY
      bkgroup@kmllawgroup.com
     REBECCA ANN SOLARZ    on behalf of Creditor    Toyota Motor Credit Corporation
      bkgroup@kmllawgroup.com
     United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
     WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com, philaecf@gmail.com
                                                                                                  TOTAL: 7

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Julio M. Garcia<br>　　　　　Debtor | CHAPTER 13 |
| Toyota Motor Credit Corporation<br>　　　　　Movant<br>vs. | NO. 19-13610 MDC |
| Julio M. Garcia<br>　　　　　Debtor | |
| Maritza F. Garcia<br>　　　　　Co-Debtor | 11 U.S.C. Section 362 and 1301 (c) |
| William C. Miller Esq.<br>　　　　　Trustee | |

### AMENDED STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the vehicle held by the Movant on the Debtor's residence is **$1,619.76**, which breaks down as follows;

Post-Petition Payments:        June 24, 2019 to September 24, 2019 at $404.94/month
**Total Post-Petition Arrears**     $1,619.76

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning on October 24, 2019 and continuing through March 24, 2020, until the arrearages are cured, Debtor(s) shall pay the present regular monthly payment of **$404.94** on the vehicle (or as adjusted pursuant to the terms of the vehicle) on or before the twenty-fourth (24th) day of each month, plus an installment payment of **$269.96** towards the arrearages on or before the last day of each month at the address below;

TMCC
P.O. BOX 5855
CAROL STREAM, IL 60197-5855

b). Maintenance of current monthly vehicle payments to the Movant thereafter.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date:   December 12, 2019

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 12/18/19

Paul H. Young, Esquire
Attorney for Debtors

**NO OBJECTION**

Date: 12/19/19

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 30th day of December, 2019. However, the court retains discretion regarding entry of any further order.

Chief U.S. Bankruptcy Judge
Magdeline D. Coleman