UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Julio M. Garcia, | : | |
| Debtor. | : | Bankruptcy No. 19-13610-MDC |

# **O R D E R**

**AND NOW**, on June 3, 2019, Julio Garcia (the "Debtor") filed a voluntary petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"). [1]

**AND**, prior to the Debtor filing his petition, the Debtor purchased a 2011 Toyota Venza (the "Vehicle"), which was secured by a loan (the "Loan") from Toyota Motor Credit Corporation (hereinafter referred to as "Creditor" or "Toyota", and together with the Debtor, the "Parties"). Under the terms of the Loan, the Debtor was required to pay Toyota 74 monthly payments of $404.94 (the "Monthly Payments."). At the time of Debtor's bankruptcy petition he owed $3,093.27 in unpaid Monthly Payments (the "Pre-Petition Arrears") and a balance of $4,195.81 under the Loan. [2]

**AND**, on July 8, 2019, the Debtor filed his chapter 13 plan (the "Plan"), whereby Debtor elected to pay the post-petition Monthly Payments directly to Toyota [3]

**AND**, on July 19, 2019, Toyota filed its original proof of claim ("Claim No. 3") in the Debtor's bankruptcy case, asserting a secured claim in the amount of $7,289.08 including the Pre-Petition Arrears. [4]

---

[1] Bankr. Docket No. 1.

[2] Proof of Claim No. 3 at P. 4.

[3] Bankr. Docket No. 13.

[4] Proof of Claim No. 3.

**AND**, on September 27, 2019, Toyota filed a *Motion Pursuant to 11 U.S.C. §362(d) for Relief from the Automatic Stay* (the "Stay Relief Motion"), asserting that the Debtor was in default for failure to make post-petition Monthly Payments .[5]

**AND**, on December 20, 2019, the Parties entered into an amended stipulation (the "Amended Stipulation"), pursuant to which the Debtor would cure the post-petition arrears. Notably, the Stipulation provided that its provisions did not constitute a waiver of Toyota's "right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law."[6]

**AND**, on December 30, 2019, the Court entered an order approving the Parties' Amended Stipulation.[7]

**AND**, on March 12, 2020, the Court entered an order approving the Debtor's Plan.[8]

**AND**, on September 2, 2020, the Debtor filed a motion to modify his chapter 13 plan (the "First Amended Plan"), pursuant to which the Debtor elected to surrender the Vehicle as satisfaction in full for Toyota's claim.[9]

**AND**, on November 3, 2020, the Court entered an order confirming Debtor's First Amended Plan.[10]

**AND**, thereafter the Debtor surrendered the Vehicle to Toyota and it was subsequently sold.

**AND**, on March 8, 2021, Toyota filed an amended claim (the "Amended Claim") asserting an unsecured deficiency claim in the amount of $4,145.34 for the remaining Loan balance, after sale of the Vehicle, as well as the associated costs, fees, and expenses of the sale.

---

[5] Bankr Docket No. 23

[6] Bankr. Docket No. 40; Amended Stipulation at ¶ 8.

[7] Bankr. Docket No. 41.

[8] Bankr. Docket No. 56.

[9] Bankr. Docket No. 63.

[10] Bankr. Docket No. 72.

**AND**, on October 19, 2023, Debtor filed an objection (the "Claim Objection")[11] to Toyota's Amended Claim, arguing that Toyota forfeited its right to assert a claim for a deficiency by failing to preserve such right when filing its original claim. In support of this argument, Debtor cited to *In re Hibble*,371 B.R. 730, 737 (Bankr. E.D. Pa. 2007) where the Court denied a lender's deficiency claim because it was filed after the proof of claim bar date and did not relate back to the earlier, timely-filed secured claim.

**AND**, on November 21, 2023, the Court held a hearing (the "Hearing")[12] on the Claim Objection, upon the conclusion of which the Court took the matter under advisement.

**AND**, the Court having considered the Amended Stipulation, the Amended Claim, the Claim Objection, and the Debtor's argument at the Hearing.

**It is hereby FOUNDED, DETERMINED, AND ORDERED that:**

1.  The Debtor's Claim Objection is **OVERRULED**.

2.  Debtor cites *Hibble* as the support for his Claim Objection. *Hibble*, however, is distinguishable. There, critical to the Court's finding that the lender's deficiency claim would not be allowed was not only that it did not relate back to the lender's original unsecured proof of claim, but also that the lender had moved for relief from stay after the debtor defaulted, yet failed to reserve its right to seek a deficiency claim upon the sale of the repossessed vehicle, notwithstanding its knowledge that the collateral was depreciating. 371 B.R. 730, 736 (Bankr. E.D. Pa. 2007). Here, the facts differ.  The parties Amended Stipulation provided that a "provisions of this stipulation do not constitute a waiver by the Movant [Toyota] of its right to seek reimbursement of any amounts not include in this stipulation, including fees and costs due under the terms of the vehicle and applicable law."[13]]. Thus, the added provision in the Amended Stipulation gave fair notice of the transaction that formed the basis of the claim asserted in the Amended Claim. Moreover, the Debtor, unlike in *Hibble*, surrendered the Vehicle after

---

[11] Bankr. Docket No. 111.
[12] Bankr. Docket No. 120.
[13] Bankr. Docket No. 40.

3

months of post-petition use, and without Toyota needing to move for stay relief. As such, Toyota did not have the additional, post-default opportunity to protect its right to a deficiency claim that the lender in *Hibble* had. Accordingly, Debtor's Objection is overruled.

Dated: April 25, 2024

_____
MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE