United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 19-13610-mdc |
| Julio M. Garcia, Jr. | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Apr 25, 2024 | Form ID: pdf900 | Total Noticed: 8 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 27, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Julio M. Garcia, Jr., 908 Sanger Street, Philadelphia, PA 19124-1034 |
| 14392614 | + | Toyota Motor Credit Corporation, c/o Kevin G. McDonald, Esquire, KML Law Group, P.C., 701 Market Street Suite 5000, Philadelphia, PA. 19106-1541 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| smg | | Email/Text: megan.harper@phila.gov | Apr 26 2024 00:29:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Apr 26 2024 00:28:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| 14336545 | + | Email/Text: TFS_Agency_Bankruptcy@toyota.com | Apr 26 2024 00:28:00 | Toyota Financial Services, Attn: Bankruptcy Dept, Po Box 8026, Cedar Rapids, IA 52408-8026 |
| 14336546 | | Email/Text: TFS_Agency_Bankruptcy@toyota.com | Apr 26 2024 00:28:00 | Toyota Financial Services, 111 W 22nd St, Oakbrook, IL 60521 |
| 14360124 | + | Email/Text: ToyotaBKNotices@nationalbankruptcy.com | Apr 26 2024 00:28:00 | Toyota Motor Credit Corporation, PO Box 9013, Addison, Texas 75001-9013 |
| 14588560 | | Email/PDF: bncnotices@becket-lee.com | Apr 26 2024 00:38:02 | Toyota Motor Credit Corporation, c/o Becket and Lee LLP, PO Box 3001, Malvern PA 19355-0701 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Apr 27, 2024 | Signature: | /s/Gustava Winters |

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 25, 2024 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| DENISE ELIZABETH CARLON | on behalf of Creditor Toyota Motor Credit Corporation bkgroup@kmllawgroup.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| KEVIN G. MCDONALD | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY bkgroup@kmllawgroup.com |
| KEVIN G. MCDONALD | on behalf of Creditor Toyota Motor Credit Corporation bkgroup@kmllawgroup.com |
| LEON P. HALLER | on behalf of Creditor PENNSYLVANIA HOUSING FINANCE AGENCY lhaller@pkh.com dmaurer@pkh.com;mgutshall@pkh.com;khousman@pkh.com |
| PAUL H. YOUNG | on behalf of Debtor Julio M. Garcia Jr. support@ymalaw.com, ykaecf@gmail.com,paullawyers@gmail.com,pyoung@ymalaw.com;youngpr83562@notify.bestcase.com,tkennedy@ymalaw.com,lesliebrown.paralegal@gmail.com,cmccullough@ymalaw.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 8

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| Julio M. Garcia, | : | |
| Debtor. | : | Bankruptcy No. 19-13610-MDC |

# **O R D E R**

      **AND NOW**, on June 3, 2019, Julio Garcia (the "Debtor") filed a voluntary petition under chapter 13 of the United States Bankruptcy Code, 11 U.S.C. §§101, et seq. (the "Bankruptcy Code"). [1]

      **AND**, prior to the Debtor filing his petition, the Debtor purchased a 2011 Toyota Venza (the "Vehicle"), which was secured by a loan (the "Loan") from Toyota Motor Credit Corporation (hereinafter referred to as "Creditor" or "Toyota", and together with the Debtor, the "Parties"). Under the terms of the Loan, the Debtor was required to pay Toyota 74 monthly payments of $404.94 (the "Monthly Payments."). At the time of Debtor's bankruptcy petition he owed $3,093.27 in unpaid Monthly Payments (the "Pre-Petition Arrears") and a balance of $4,195.81 under the Loan.[2]

      **AND**, on July 8, 2019, the Debtor filed his chapter 13 plan (the "Plan"), whereby Debtor elected to pay the post-petition Monthly Payments directly to Toyota[3]

      **AND**, on July 19, 2019, Toyota filed its original proof of claim ("Claim No. 3") in the Debtor's bankruptcy case, asserting a secured claim in the amount of $7,289.08 including the Pre-Petition Arrears.[4]

---

[1] Bankr. Docket No. 1.

[2] Proof of Claim No. 3 at P. 4.

[3] Bankr. Docket No. 13.

[4] Proof of Claim No. 3.

**AND**, on September 27, 2019, Toyota filed a *Motion Pursuant to 11 U.S.C. §362(d) for Relief from the Automatic Stay* (the "Stay Relief Motion"), asserting that the Debtor was in default for failure to make post-petition Monthly Payments .[5]

**AND**, on December 20, 2019, the Parties entered into an amended stipulation (the "Amended Stipulation"), pursuant to which the Debtor would cure the post-petition arrears. Notably, the Stipulation provided that its provisions did not constitute a waiver of Toyota's "right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the vehicle and applicable law."[6]

**AND**, on December 30, 2019, the Court entered an order approving the Parties' Amended Stipulation.[7]

**AND**, on March 12, 2020, the Court entered an order approving the Debtor's Plan.[8]

**AND**, on September 2, 2020, the Debtor filed a motion to modify his chapter 13 plan (the "First Amended Plan"), pursuant to which the Debtor elected to surrender the Vehicle as satisfaction in full for Toyota's claim.[9]

**AND**, on November 3, 2020, the Court entered an order confirming Debtor's First Amended Plan.[10]

**AND**, thereafter the Debtor surrendered the Vehicle to Toyota and it was subsequently sold.

**AND**, on March 8, 2021, Toyota filed an amended claim (the "Amended Claim") asserting an unsecured deficiency claim in the amount of $4,145.34 for the remaining Loan balance, after sale of the Vehicle, as well as the associated costs, fees, and expenses of the sale.

---

[5] Bankr Docket No. 23

[6] Bankr. Docket No. 40; Amended Stipulation at ¶ 8.

[7] Bankr. Docket No. 41.

[8] Bankr. Docket No. 56.

[9] Bankr. Docket No. 63.

[10] Bankr. Docket No. 72.

**AND**, on October 19, 2023, Debtor filed an objection (the "Claim Objection")[11] to Toyota's Amended Claim, arguing that Toyota forfeited its right to assert a claim for a deficiency by failing to preserve such right when filing its original claim. In support of this argument, Debtor cited to *In re Hibble*, 371 B.R. 730, 737 (Bankr. E.D. Pa. 2007) where the Court denied a lender's deficiency claim because it was filed after the proof of claim bar date and did not relate back to the earlier, timely-filed secured claim.

**AND**, on November 21, 2023, the Court held a hearing (the "Hearing")[12] on the Claim Objection, upon the conclusion of which the Court took the matter under advisement.

**AND**, the Court having considered the Amended Stipulation, the Amended Claim, the Claim Objection, and the Debtor's argument at the Hearing.

It is hereby **FOUNDED, DETERMINED, AND ORDERED** that:

1. The Debtor's Claim Objection is **OVERRULED**.

2. Debtor cites *Hibble* as the support for his Claim Objection. *Hibble*, however, is distinguishable. There, critical to the Court's finding that the lender's deficiency claim would not be allowed was not only that it did not relate back to the lender's original unsecured proof of claim, but also that the lender had moved for relief from stay after the debtor defaulted, yet failed to reserve its right to seek a deficiency claim upon the sale of the repossessed vehicle, notwithstanding its knowledge that the collateral was depreciating. 371 B.R. 730, 736 (Bankr. E.D. Pa. 2007). Here, the facts differ. The parties Amended Stipulation provided that a "provisions of this stipulation do not constitute a waiver by the Movant [Toyota] of its right to seek reimbursement of any amounts not include in this stipulation, including fees and costs due under the terms of the vehicle and applicable law."[13]]. Thus, the added provision in the Amended Stipulation gave fair notice of the transaction that formed the basis of the claim asserted in the Amended Claim. Moreover, the Debtor, unlike in *Hibble*, surrendered the Vehicle after

---

[11] Bankr. Docket No. 111.
[12] Bankr. Docket No. 120.
[13] Bankr. Docket No. 40.

3

months of post-petition use, and without Toyota needing to move for stay relief. As such, Toyota did not have the additional, post-default opportunity to protect its right to a deficiency claim that the lender in *Hibble* had. Accordingly, Debtor's Objection is overruled.

Dated: April 25, 2024

*Magdeline D. Coleman*
_____
MAGDELINE D. COLEMAN
CHIEF UNITED STATES BANKRUPTCY JUDGE